**DISSENT; and Opinion Filed December 13, 2018.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-16-01472-CV

**SAMUEL ADAM AFLALO, Appellant**
**V.**
**DEVIN LAMAR HARRIS and MEGHAN THERESA HARRIS, Appellees**

**On Appeal from the 95th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-00247**

## DISSENTING OPINION
Before the Court En Banc
Opinion by Justice Boatright

I respectfully disagree with the majority's analysis and write separately to present my own.

Section 5.008 of the Texas Property Code requires the seller of certain kinds of residential property to give the buyer a notice disclosing the condition of the property. Subsection 5.008(f) allows the buyer to terminate a sale contract for any reason if the seller does not submit the "required notice." Subsections (a), (b), and (d) explain what the required notice is. Subsection (a) requires that a notice be either the notice prescribed by the section or a substantially similar one that contains, at a minimum, all of the items in the prescribed form. Subsection (b) requires that a notice be executed. And subsection (d) requires that it be completed.

In our case, I do not agree with the majority about whether Aflalo satisfied subsections (a) and (d). Accordingly, I will explain what I think those subsections mean.

*Subsection 5.008(a)*

Subsection (a) requires that a notice be substantially similar to the notice prescribed by the section. Section 5.008 does not explain what a "substantially similar" notice would be, but this Court has held that the term "substantially similar" means "having considerable characteristics in common; considerably alike." *Winfield v. Lamoyne*, No. 05-09-01851-CV, 1995 WL 634161, at *8 (Tex. App.—Dallas 1995, writ dism'd) (not designated for publication). This meaning is consistent with dictionary definitions of the words "substantial" and "similar." *Id*. It also comports with what I think is the most natural reading of the term, because things that are similar are not identical, and things that are substantially similar are similar in most ways, but not all. So I think the TAR-1406 form that Aflalo submitted and the prescribed form would be substantially similar if they had considerable characteristics in common and were considerably alike.

A comparison of the two forms shows that the TAR-1406 form that Aflalo submitted contains all of the items that the prescribed form contains. The forms are also on the same subject and use almost identical language. There are differences between the two forms, but there are far more similarities than differences. Therefore, TAR-1406 and the prescribed form share considerable characteristics and are considerably alike. They are substantially similar.

The majority concludes that the forms are not substantially similar. It bases its conclusion on the fact that TAR-1406 uses a phrase—"If yes, attach TAR-1414"—that is not in the prescribed form. The majority does not attempt to explain why this difference means that the forms are not substantially similar; it simply establishes that they are not the same. But a prior holding of this court, dictionary definitions, and a natural reading of the term "substantially similar" show that it does not mean the "same," "identical," or even "alike." Therefore, TAR-1406 and the prescribed form can be different but substantially similar nonetheless.

The text of subsection (a) supports this conclusion. It requires a seller to submit a disclosure notice that is substantially similar to the prescribed form, *and* it allows the seller to include additional items. This confirms that a notice can be substantially similar to the prescribed form even though it contains additional language, as TAR-1406 does.

Because TAR-1406 was substantially similar to the prescribed form and contained all of the items in the prescribed form as well as additional items, it complied with subsection 5.008(a).

*Subsection 5.008(d)*

Subsection (d) provides that "The notice shall be completed to the best of the seller's belief and knowledge as of the date the notice is completed and signed by the seller." Subsection (d) does not distinguish between the prescribed form and a substantially similar one that contains, at a minimum, all of the items in the prescribed form. Subsection (d) simply requires that "The notice" be completed. Therefore, when a seller chooses to submit a notice that is substantially similar to the prescribed form and that contains the items in the prescribed form as well as additional items, subsection (d) requires the seller to complete it.

Subsection 5.008(d) also requires that "The notice shall be completed to the best of seller's belief and knowledge as of the date the notice is completed," and it provides that a seller is "in compliance with this section" if he indicates on the notice that information required by the notice is unknown to him. So, the text of section 5.008 provides that a seller complies with the law if he completes the notice in the manner provided by the section. The text of section 5.008 does not provide that a seller may complete only part of the notice.

The majority disagrees, and its reasoning is noteworthy. The majority says that TAR-1406 claims to be substantially similar to the prescribed form in part and dissimilar in part. The majority then says a form that is not substantially similar to the prescribed form is not the notice referred to in subsection (d). Therefore, the majority concludes, section 5.008 does not require a seller to

complete the parts of forms that are not substantially similar to the prescribed form. In this way, the majority reasons that the text of *TAR-1406* reveals what *section 5.008* requires for *all forms*.

I do not agree with the majority's reasoning. We have to find the meaning of section 5.008 in the text of section 5.008; we cannot find it in the text of TAR-1406. Nor do I see how a claim in TAR-1406 could affect how we treat other forms. I also happen to think the majority's interpretation of TAR-1406 is incorrect—the form expressly claims that it complies with the statute, and section 5.008 requires that a form be substantially similar to the prescribed form, so the form impliedly claims that it *is* substantially similar to the prescribed form—but what matters is the meaning of subsection (d), the controlling statute.

The statutory text (1) states that the notice shall be completed, (2) does not distinguish between the notice prescribed by the section and a substantially similar one that contains the items in the prescribed notice as well as additional items, and (3) does not state that a seller may complete only part of the notice.

*Subsections (a), (b), (d), and (f) together*

In our case, Aflalo gave the Harrises an executed notice that was substantially similar to the notice prescribed by the statute. Aflalo's notice instructed him to attach TAR-1414 if he indicated that the property had flood insurance. He indicated that the property did have flood insurance, but he did not attach TAR-1414. Therefore, Aflalo did not complete his notice, and the Harrises were expressly authorized by the text of the controlling statute to terminate the contract.

/Jason Boatright/
JASON BOATRIGHT
JUSTICE

161472DF.P05

–4–